## J. M. WHITE v. THE STATE.

1. LIMITATION OF PROSECUTIONS. — Statutes limiting the time within which offenses shall be prosecuted are to be construed liberally in favor of the accused.

2. SAME. — It is not necessary for the accused to plead the defense of limitation. The *onus* is on the State to prove an offense committed within the statutory limitation.

3. SAME IN HOMICIDES. — Though the Code of this state puts no limitation on prosecutions for murder, yet it does prescribe limitations on prosecutions for all other felonies; wherefore a conviction for manslaughter, though had on an indictment for murder, cannot be sustained when the indictment was not presented within the period of limitation (three years after the commission of the offense) prescribed, in general, for felonies not excepted or specifically provided for.

APPEAL from the District Court of Gonzales. Tried below before the Hon. E. LEWIS.

All necessary facts appear in the opinion.

*Harwood & Winston*, and *Fulmore & Jackson*, for the appellant.

*George McCormick*, Assistant Attorney-General, and *W. B. Dunham*, for the State.

ECTOR, P. J.   The defendant was indicted for the murder of James Kindred.   The indictment was presented and filed on February 3, 1876.   The indictment charges the offense to have been committed on November 3, 1867.   The evidence shows that in the latter part of October, or first of November, 1867, the defendant killed James Kindred, in Gonzales County.

The defendant was tried and convicted of manslaughter, on April 12, 1878.   The verdict of the jury in this case reads as follows: "We, the jury, find the defendant, James M. White, not guilty of murder as charged in the indictment, and we find him guilty of manslaughter, and assess his punishment at two years' confinement in the state penitentiary."   There was a motion in arrest of judgment, and also a motion for new trial, which were overruled, and the defendant appeals.

The motion in arrest of judgment was upon the ground "that the offense of which the defendant is convicted was barred by the statute of limitations prior to the finding of the indictment in the cause, as appears from the indictment and facts proven upon the trial."   The only question in this case is upon the effect of the limitation within which the indictment must be presented.

The statute reads:

"Art. 2649.   An indictment for forgery may be presented within ten years from the time of the commission of the offense, and not afterwards.   Pasc. Dig.

"Art. 2650.   An indictment for theft punishable as a fel-

ony, arson, burglary, robbery, and counterfeiting may be presented within five years, and not afterwards. *Ibid.*

" Art. 2651. An indictment for the offense of rape may be presented within one year, and not afterwards. An indictment for all other felonies, except murder, may be presented within three years from the commission of the offense, and not afterwards." *Ibid.*

" An indictment for murder includes all the lesser degrees of culpable homicide." Pasc. Dig., art. 3096.

It is not necessary for a defendant relying on the statute of limitations to plead it in bar. It devolves on the prosecuting power to show an offense within the statutory period. It will be seen by the verdict of the jury that defendant was acquitted by the jury of the charge of murder, and we think the crime of manslaughter was barred by the statute of limitations at the time the indictment was found. This is a new question in this state, and one we are called to pass upon with but little aid from elementary works or adjudicated cases. The limitation of the time within which actions and prosecutions are to be brought is a creation of statute, and does not exist at the common law. In England there never have been any general statutes of limitations of criminal prosecutions ; " so that," says Mr. Chitty, " instances have frequently occurred in which parties have been convicted and punished many years after the crime had been forgotten. Some of the English statutes creating crimes contain a limitation clause." Bishop's Stat. Cr., sec. 257.

In most of our states there are general statutes of limitation as respects crimes, and these statutes of limitation are to be construed liberally in favor of defendants, being for the ease of accused persons, as freeing them from prosecutions.

Our attention has been called by counsel for the State to the case of *Alfred Clark* v. *The State of Georgia*, in which

the defendant was indicted for an assault with intent to murder, and, on trial for that offense before the petit jury, he was found guilty of an assault and battery only. The defendant relied on the statute as a part of his defense; and the question was, whether the statute protected him, according to the facts disclosed by the record. The 35th section of the fourteenth division of the Penal Code of Georgia declares that the indictment for the offense with which the defendant is charged shall be found and filed in the proper court within *four years* next after the commission of the offense, and at no time thereafter. Second, indictments for the offense of assault and battery are, by statute of that state, required to be found in the proper court within two years after the commission of the offense, and at no time thereafter. The Supreme Court held that the statute of limitations, as provided by the *Penal Code*, applied to the *offense* for which defendant was *indicted*, and not the minor offense of assault and battery, of which he was found guilty on the traverse of that indictment. The court base their decision solely upon the 35th section of the fourteenth division of the Penal Code, which we have given. The difference between that section of their Penal Code and article 185 of our Code of Procedure (Pasc. Dig., art. 2652) will be readily seen by comparing them together.

In the case of *The State* v. *Freeman*, decided by the Supreme Court of Louisiana, the defendant was indicted for murder, convicted of manslaughter, and appealed. Defendant moved to arrest the judgment on the verdict of the jury, because the bill of indictment was not found within one year after the commission of the crime of which he was convicted. The bill of indictment was found by the grand jury on April 24, 1864, and the crime was charged to have been committed in October, 1862. The statute of that state required that an indictment, or presentment, for manslaughter must be found or exhibited within one year after the offense shall have been made known to the public offi-

cer having power to direct the investigation. It was held that the offense of manslaughter was barred at the time the bill of indictment was found; that a bill of indictment for manslaughter will not lie unless brought within one year after the offense shall have been made known to the public officer having power to direct the investigation. 17 La. An. 69. See, also, 7 La. An. 256, and *Heward* v. *The State of Mississippi*, 13 Smed. & M. 261.

The judgment of the lower court is reversed and the cause dismissed.

*Reversed and dismissed.*